**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------X
                                    :  96 Civ. 3610 (JFK)
In re                               :  96 Civ. 3611 (JFK)
WRT ENERGY SECURITIES LITIGATION    :
                                    :  OPINION AND ORDER
------------------------------------X
```

**APPEARANCES:**

For Plaintiffs:

    MILBERG WEISS BERSHAD & SCHULMAN LLP
    One Penn Plaza
    New York, New York  10119
    Of Counsel:  Richard H. Weiss, Esq.
            Susan M. Greenwood, Esq.

    DAVID B. KAHN & ASSOCIATES, LTD.
    One Northfield Plaza, Suite 100
    Northfield, Illinois  60093
    Of Counsel:  David B. Kahn, Esq.
            Mark E. King, Esq.

For Defendant Oppenheimer & Co., Inc.:

    KAYE SCHOLER LLP
    425 Park Avenue
    New York, New York  10022
    Of Counsel:  James Herschlein, Esq.

For Defendant Schroder Wertheim & Co., Inc.:

    CADWALADER, WICKERSHAM & TAFT LLP
    One World Financial Center
    New York, New York 10281
    Of Counsel:  Debra Brown Steinberg, Esq.

For Defendants Steven S. McGuire, Samuel C. Guy, Ronald E. Hale, Jr., Dominic Man-Kit Lam, and James T. Rash:

    KING & SPALDING LLP
    1185 Avenue of the Americas
    New York, New York 10036
    Of Counsel:  Jeffrey Q. Smith, Esq.
            Scott E. Eckas, Esq.

**JOHN F. KEENAN, United States District Judge**

**JOHN F. KEENAN**, United States District Judge:

## Background

In an Opinion and Order dated February 8, 2005, the Court granted in part and denied in part Defendants' motions to dismiss Plaintiffs' Fourth Amended Complaint ("Complaint"). Familiarity with that decision and the underlying facts in this action is assumed. See In re WRT Energy Secs. Litig., No. 96 Civ. 3610, 3611(JFK), 2005 WL 323729 (S.D.N.Y. Feb. 9, 2005). Pursuant to Local Civil Rule 6.3, plaintiffs move for reconsideration of that portion of the decision limiting their recovery to losses occurring after October 27, 1995. For the reasons discussed below, the motion is granted.

## Discussion

A motion for reconsideration should be granted only if "the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); Local Civil Rule 6.3 (motion for reconsideration must set forth "concisely the matters or controlling decisions which counsel believes the court has overlooked"). The rules governing motions for reconsideration are "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have

2

been considered fully by the court." Dietrich v. Bauer, 76 F. Supp. 2d 312, 327 (S.D.N.Y. 1999).

The Court held in its prior decision that under Section 11(e) of the Securities Act of 1933 ("1933 Act"), Defendants were not liable for any decline in the value of the WRT preferred stock and senior notes prior to a October 27, 1995 WRT announcement that the company would be unable to support its 1995 capital requirements or fund existing debt service and preferred stock dividends. Since Plaintiffs alleged no other disclosures in their complaint, the Court limited any recovery to the post-October 27, 1995 period because a decline in the value of securities prior to disclosure of the material misstatement or omission is not chargeable to the defendants. See Akerman v. Oryx Communications, 810 F.2d 336, 342 (2d Cir. 1987).

After a careful review of the parties' submissions on the instant motion, the Court on reconsideration vacates this portion of its prior decision.[1] To establish a prima facie Section 11 claim, the plaintiff need only plead a material misstatement or omission in a registration statement. Herman & McLean v. Huddleston, 459 U.S. 375, 382, 103 S. Ct. 683, 74 L. Ed. 2d 548 (1983). Plaintiffs have no obligation to plead loss

---

[1] The parties sent several letters to the Court after the conclusion of briefing on the instant motion. None of them has been considered because the Court did not solicit submissions outside of the required memoranda of law. See Local Civil Rule 6.3.

3

causation as part of their prima facie Section 11 claim. See, e.g., Adair v. Bristol Technology Systems, Inc., 179 F.R.D. 126, 135 (S.D.N.Y. 1998). At the Rule 12(b)(6) stage of the litigation, the Court must draw all reasonable inferences in Plaintiffs' favor. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002). Moreover, "any decline in value is presumed to be caused by the misrepresentation in the registration statement." McMahan & Co. v. Wherehouse Ent'mt, Inc., 65 F.3d 1044, 1048 (2d Cir. 1995). Defendants have the burden of demonstrating the incorrectness of the presumption, and Section 11(e) relegates the "risk of uncertainty to the defendants." Akerman, 810 F.2d at 341.

While the Defendants are correct that the only disclosure mentioned in the Complaint is the October 27, 1995 announcement, they cite nothing in the pleadings establishing some reason other than the alleged misstatements in the WRT registration statements for the drop in the value of the WRT securities. Reading the Complaint most favorably to Plaintiffs, the Court must draw the inference that Plaintiffs' losses could have been the result of the alleged misstatements. To conclude otherwise places a burden of pleading loss causation on the plaintiffs, and removes the burden of establishing negative causation from the defendants, where it properly lies.

4

Defendants cite Lentell v. Merrill Lynch & Co., 396 F.3d 161, 175 n.4 (2d Cir. 2005), for the proposition that concealed facts cannot cause a decrease in the value of securities before the concealment was made public. Lentell was a case brought under Section 10(b) of the Securities Exchange Act of 1934, not Section 11 of the 1933 Act. In a Section 10(b) case, the plaintiff bears the burden of pleading loss causation. Id. at 172. In a Section 11 case, the burden is on the defendant to establish "negative causation." To that extent, Lentell is distinguishable. Moreover, while it is true that the misstatements, if concealed, could not have caused the pre-October 27, 1995 drop in the value of WRT's securities, the Court at the Rule 12(b)(6) stage must infer that the decline in value was the result of the misstatements, unless the defendant offers evidence to the contrary. This has not been done.

Defendants also rely heavily on Akerman, in which the Second Circuit explicitly stated that pre-disclosure declines in value are not chargeable to the defendant. Akerman involved a Rule 56 motion for summary judgment, not a Rule 12(b)(6) motion to dismiss. More importantly, Akerman does not relieve Defendants of their burden of establishing the affirmative defense of negative causation. In fact, the Circuit stated that even if a defendant meets this burden, the plaintiff may survive a summary judgment motion by coming forward with evidence

5

suggesting that the price decline resulted from the alleged misstatement. Akerman, 810 F.2d at 343 (internal quotation marks omitted). In the instant matter, which is at the Rule 12(b)(6) stage, Plaintiffs clearly have not had this opportunity.

In their papers supporting their original motions to dismiss, Defendants pointed out that some of the Plaintiffs purchased their securities at a price above the offering price. When the Court held that Plaintiffs could not recover for the pre-October 27, 1995 period, it declined to address this issue. See WRT Energy, 2005 WL 323729 at *13. The Court now takes it up. Under Section 11(e), the measure of damages is the difference between the amount paid for the security (not exceeding the offering price) and (1) the value of the security at the time suit was brought, or (2) the price at which the security was disposed of in the market before suit, or (3) the price at which the security was disposed of in the market after suit, but before judgment, if this damages calculation is less than (1), supra. See 15 U.S.C. § 77k(e).

According to the Complaint, the offering price of the preferred stock was $25 per share (4th Am. Compl. ¶ 20), and of the senior notes was $1000 per Unit. (Id. ¶ 27). If damages are awarded, the Section 11(e) calculations will begin with these figures. If any plaintiffs purchased their securities above the offering price, those plaintiffs cannot recover for the

6

difference between the purchase price and the offering price. It appears from the Complaint that Plaintiffs Michael Attard, IRA, and Michael R. Nadler did so (Id. ¶¶ 8a, 8e), but the Court need not engage in damages calculations at this stage. Suffice it to say that Defendants have correctly stated the statutory damages formula, which applies to all cases brought under Section 11 of the 1933 Act. McMahan, 65 F.3d at 1048.

## Conclusion

Plaintiffs' motion for partial reconsideration of the Court's February 8, 2005 Opinion and Order is granted. The Court vacates Section G of that decision. For the reasons specified in the instant Opinion and Order, the defendants' motion seeking to limit Plaintiffs' recovery to the post-October 27, 1995 period is denied. The parties are directed to submit an agreed-upon briefing schedule for Plaintiffs' proposed class certification motion no later than October 11, 2005.

SO ORDERED.

Dated: New York, New York
August 30, 2005

JOHN F. KEENAN
United States District Judge